IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARCHAND SINGH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-cv-1986-N-BN |
| | § | |
| WARDEN PRAIRIELAND DETENTION | § | |
| CENTER, ET AL., | § | |
| | § | |
| Respondents. | § | |

## ORDER REGARDING REQUEST TO ISSUE SUMMONSES

The Court previously served and ordered a response to Petitioner Harchand Singh's application for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. No. 4.

This was required because habeas actions are not like civil lawsuits where service turns on Federal Rule of Civil Procedure 4. *See Hutton v. West Virginia*, No. 1:13CV186, 2014 WL 856489, at *6 (N.D. W. Va. Mar. 5, 2014) ("[T]he initiation of a habeas petition is quite different from the filing of a traditional civil complaint, which requires a plaintiff to summon a defendant to answer, in that here, the judge orders the respondents to answer. Moreover, no court has found that Rule 4 of the Federal Rules of Civil Procedure applies in habeas proceedings." (cleaned up)); *Schaub v. Knab*, No. 3:10-cv-233, 2010 WL 2541357, at *2 (S.D. Ohio June 18, 2010) ("Under Rule 4, a habeas corpus respondent is to be served only on order of the court. Accordingly, the Summons is quashed and Petitioner's counsel is ordered to return it to the Clerk unserved." (cleaned up)).

And, so, the Court directs the Clerk not to issue the summonses that have been requested by Petitioner's counsel. *See* Dkt. No. 5.

SO ORDERED.

DATED: August 5, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE